UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:24-cv-12562-BEM

MATHEW HANEY, AS TRUSTEE OF THE
GOOSEBERRY ISLAND TRUST,

    Plaintiff

v.

TOWN OF MASHPEE, AND RON BONVIE,
SHARON SANGELEER, WILLIAM
BLAISDELL, JONATHAN FURBUSH, AND
SCOTT GOLDSTEIN as they are collectively
the ZONING BOARD OF APPEALS OF THE
TOWN OF MASHPEE,

    Defendants

DEFENDANTS' MOTION TO DISMISS

Defendants Town of Mashpee ("Town") and Ron Bonvie, Sharon Sangeleer, William Blaisdell, Jonathan Furbush, and Scott Goldstein, as they are collectively the Zoning Board of Appeals of the Town of Mashpee ("ZBA") (collectively the "Defendant"), hereby move to dismiss Plaintiff Mathew Haney, as Trustee of the Gooseberry Island Trust's ("Plaintiff"), Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's claims arise from the ZBA's denial of Plaintiff's applications for variances to construct a single-family home on Gooseberry Island, a 3.9-acre island in Popponesset Bay in the Town of Mashpee. The ZBA's denial of the variance applications submitted by Plaintiff's predecessor Robert D. Emmelluth, Trustee of the Gooseberry Island Trust and the variance applications submitted by Plaintiff were the subject of two Superior Court Complaints *Robert D. Emmelluth, Trustee of the Gooseberry Island Trust v. Mashpee Zoning Board of Appeals et al,*

*Barnstable Superior Court C.A. No. 1372CV00579 and Matthew Haney, Trustee of the Gooseberry Island Trust v. Mashpee Zoning Board of Appeals et al, Barnstable Superior Court C.A. No. 1972CV00012,* that were consolidated for trial. In a decision dated March 13, 2024, the Court (Perrino, J.) affirmed the ZBA's denials of the variance applications. Despite understanding from the outset of his ownership of the Property, that he would need variances from the Town of Mashpee Zoning Bylaws ("Bylaws") to be allowed to construct a single family dwelling on the island because it was not a buildable lot, Plaintiff now brings claims for regulatory taking under both federal and state law against Defendant based on the ZBA's denial of his variance applications. Specifically, in his Complaint, Plaintiff brings claims against Defendant for: 1) the Unconstitutional Taking of Private Property Under the Fifth Amendment to the United States Constitution (Count I); and 2) for Inverse Condemnation Under the Massachusetts Constitution and State Law (Count II). Both of Plaintiff's claims against the Defendant must be dismissed because Plaintiff cannot establish a property interest in his desired use of the property because as he admits, he cannot construct a single-family dwelling on the Property without the issuance of variances, the issuance of which are at the discretion of the ZBA. Regardless of whether or not a property interest exists in the requested variances, Plaintiff will not be able to prevail on his takings claims because even based on the facts alleged in the Complaint taken in light most favorable to the Plaintiff as required, Plaintiff did not have a reasonable investment-backed expectation to be able to build a single-family residence on the unbuildable lot, when he acquired the Property and he still is able to use the Property as it apparently has been used from 1955 until his acquisition of the Property as a camp for hunting and fishing.

For the reasons set forth above and in the accompanying memorandum of law, Plaintiff's claims against the Defendant must be dismissed.

|  | DEFENDANTS,<br>TOWN OF MASHPEE AND ZONING BOARD OF APPEALS OF THE TOWN OF MASHPEE,<br>By their attorneys, |
|---|---|
|  | /s/ Deborah I. Ecker<br>Amy E. Kwesell (BBO# 647182)<br>Deborah I. Ecker (BBO# 554623)<br>KP Law, P.C.<br>101 Arch Street, 12th Floor<br>Boston, MA 02110-1109<br>(617) 556-0007<br>akwesell@k-plaw.com<br>decker@k-plaw.com |
| Date: February 18, 2025 |  |

963724/17200/0205

CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2) of the United State District Court for the District of Massachusetts, I hereby certify that I conferred with Plaintiff's Attorney on February 18, 2025, with respect to the Motion to Dismiss.

/s/ Deborah I. Ecker

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that I have caused a copy of the foregoing document to be served electronically on all parties who are registered participants of the Court's ECF system, and that I will serve by mail those parties who are non-registered participants, upon notification by the Court of those individuals who will not be served electronically.

/s/ Deborah I. Ecker