UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:24-cv-12562-BEM

| | |
|---|---|
| MATHEW HANEY, AS TRUSTEE OF THE GOOSEBERRY ISLAND TRUST,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF MASHPEE, AND RON BONVIE, SHARON SANGELEER, WILLIAM BLAISDELL, JONATHAN FURBUSH, AND SCOTT GOLDSTEIN as they are collectively the ZONING BOARD OF APPEALS OF THE TOWN OF MASHPEE,<br><br>    Defendants | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

## I.    INTRODUCTION

Defendants Town of Mashpee ("Town") and Ron Bonvie, Sharon Sangeleer, William Blaisdell, Jonathan Furbush, and Scott Goldstein, as they are collectively the Zoning Board of Appeals of the Town of Mashpee ("ZBA") (collectively the "Defendant"), hereby move to dismiss Plaintiff Mathew Haney, as Trustee of the Gooseberry Island Trust's ("Plaintiff"), Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's claims arise from the ZBA's denial of Plaintiff's applications for variances to construct a single-family home on Gooseberry Island, a 3.9-acre island in Popponesset Bay in the Town of Mashpee. The ZBA's denial of the variance applications submitted by Plaintiff's predecessor Robert D. Emmelluth, Trustee of the Gooseberry Island Trust and the variance applications submitted by Plaintiff were the subject of two Superior Court Complaints *Robert D.*

*Emmelluth, Trustee of the Gooseberry Island Trust v. Mashpee Zoning Board of Appeals et al, Barnstable Superior Court C.A. No. 1372CV00579 and Matthew Haney, Trustee of the Gooseberry Island Trust v. Mashpee Zoning Board of Appeals et al, Barnstable Superior Court C.A. No. 1972CV00012,* that were consolidated for trial. In a decision dated March 13, 2024, the Court (Perrino, J.) affirmed the ZBA's denials of the variance applications. Despite understanding from the outset of his ownership of the Property, that he would need variances from the Town of Mashpee Zoning Bylaws ("Bylaws") to be allowed to construct a single family dwelling on the island because it was not a buildable lot, Plaintiff now brings claims for regulatory taking under both federal and state law against Defendant based on the ZBA's denial of his variance applications. Specifically, in his Complaint, Plaintiff brings claims against Defendant for: 1) the Unconstitutional Taking of Private Property Under the Fifth Amendment to the United States Constitution (Count I); and 2) for Inverse Condemnation Under the Massachusetts Constitution and State Law (Count II). Both of Plaintiff's claims against the Defendant must be dismissed because Plaintiff cannot establish a property interest in his desired use of the property because as he admits, he cannot construct a single-family dwelling on the Property without the issuance of variances, the issuance of which are at the discretion of the ZBA. Regardless of whether or not a property interest exists in the requested variances, Plaintiff will not be able to prevail on his takings claims because even based on the facts alleged in the Complaint taken in light most favorable to the Plaintiff as required, Plaintiff did not have a reasonable investment-backed expectation to be able to build a single-family residence on the unbuildable lot, when he acquired the Property and he still is able to use the Property as it apparently has been used from 1955 until his acquisition of the Property - as a camp for hunting and fishing.

For the reasons set forth above and herein, Plaintiff's claims against the Defendant must be dismissed.

## II. FACTS AS PLED IN THE COMPLAINT

The Defendant accepts the following facts as true for purposes of this motion under Rule 12(b)(6) only.

Gooseberry Island is a vacant 3.9 acre island located in Popponesset Bay in the Town of Mashpee (the "Property"). Complaint, ¶ 1 and Exhibit 9. The Property was owned by the Nelson family for more than 50 years until 2011 when the Property was conveyed to Robert D. Emmeluth as Trustee of the Gooseberry Island Trust. Plaintiff Matthew Haney succeeded Robert D. Emmeluth as Trustee of the Gooseberry Island Trust. Complaint, ¶¶ 72, 73 and Exhibits 9, p. 1. Prior to the conveyance of the Property to Robert D. Emmeluth as Trustee of the Gooseberry Island Trust, the Property was not occupied but had previously been used by the owners as a cottage, or camp for hunting and fishing. Exhibit 9, p. 1. The Property was never developed as a single-family residence. Exhibit 9, p.1. To be allowed to construct a single-family residence on the Property, Plaintiff needed variances from the Town of Mashpee Zoning Bylaws, which were adopted by a Mashpee Special Town Meeting on October 25, 1960, and which were subsequently amended by Town Meeting in 1966, 1970, 1978 and 1985. Complaint, ¶¶ 90, 92, 94, 96 and 98.

Recognizing that a single-family dwelling could not be built on the Property without the need for variances from the Bylaws, Plaintiff's predecessor Robert D. Emmeluth, Trustee of the Gooseberry Island Trust, filed an application for three variances on August 29, 2013, to be allowed to construct a single-family dwelling on the Property. Those variance requests included a variance from the following provisions of the Zoning By-laws: (i) Section 174-12 – frontage on

3

a street, (ii) Section 174-31 – 150 feet of frontage on a street; and (iii) Section 174-32- unobstructed paved access roadway. The ZBA denied Plaintiff's variance requests. The Plaintiff appealed the 2013 ZBA decision to the Barnstable Superior Court, *Robert D. Emmelluth, Trustee of the Gooseberry Island Trust v. Mashpee Zoning Board of Appeals et al., Barnstable Superior Court C.A. No. 1372CV00579*. Complaint, ¶¶ 104, 105 and 106 and Exhibits 9, 10 and 12[1].

On July 5, 2013, Matthew Haney became the Trustee of the Gooseberry Island Trust. Complaint, ¶ 73, Exhibit 6. On November 9, 2018, Plaintiff filed three applications for zoning variances to be allowed to construct a single-family dwelling on the Property. Those variance requests included a variance from the following provisions of the Zoning By-laws: (i) Section 174-12 - frontage on a street, (ii) 174-32 – frontage for fire department access, and (iii) 174-31 150-foot length frontage requirement. The issuance of variances is generally discretionary, and no person is entitled to a variance. Complaint, ¶¶ 143, 145. In his applications for variances, Plaintiff proposed construction of a single-lane timber-pile supported bridge and subsequently proposed a steel bridge supported by piles. Complaint, ¶ 148. While Plaintiff proposed a bridge to connect the Property to the mainland, Plaintiff has not obtained a wetlands' permit to be allowed to construct the proposed bridge to the Property to date. Complaint, ¶ ¶144, 146. On December 20, 2018, the ZBA filed three separate written decisions with the Town Clerk denying Plaintiff's petition for the proposed variances. Plaintiff appealed the 2018 ZBA decisions to Superior Court, *Matthew Haney, Trustee of the Gooseberry Island Trust v. Mashpee Zoning Board of Appeals et al., Barnstable Superior Court C.A. No. 1972CV00012*. Complaint, ¶¶ 155,

---

[1] When Plaintiff served the Complaint on the Town of Middleborough, the document served did not include Exhibits 12 – 18 referenced in the Complaint and the court docket does not reflect that those exhibits were filed with the Court.

4

156. The appeal was ultimately consolidated with the appeal pending from the denial of Robert D. Emmelluth, Trustee of the Gooseberry Island Trust's applications for variances. Complaint, ¶ 173, Exhibit 17.  By Memorandum of Decision on Findings of Fact, Rulings of Law and Order for Judgment dated March 13, 2024, the Barnstable Superior Court, (Perrino, J.), affirmed the ZBA's decisions denying Plaintiff's applications for variances and entered judgment in favor of Defendant.  Complaint, ¶¶ 173, 174, Exhibit 17 and 18.

### III. ARGUMENT

#### A. Standard of Review

To withstand a motion to dismiss, the facts alleged in the Complaint "must plausibly suggest (not merely be consistent with) an entitlement to relief." See Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  While the Court must accept the allegations of the Complaint as true, the Court should not accept "a wholly conclusory statement of claim … whenever the pleadings [leave] open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Id. at 636 (quoting Bell Atlantic. Corp., 550 U.S. at 561).  Rather, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level…"  Id.  Here, Plaintiff has failed to set forth factual allegations that raise a right to relief.

#### B. Plaintiff Has Failed to State a Claim for Regulatory Taking Under the Fifth Amendment of the United States Constitution (Counts I)

In Count I of the Complaint, Plaintiff alleges that the ZBA's denial of his requests for variances amounted to an unconstitutional taking in violation of the Fifth Amendment to the United States Constitution. Complaint, Count I, ¶¶ 184 – 200.  The Plaintiff does not reference a specific regulation to anchor his regulatory takings claim. Instead his claim is premised on the ZBA's discretionary decisions denying his applications for variances from the Town of Mashpee

5

Zoning Bylaws that were adopted by a Mashpee Special Town Meeting on October 25, 1960 and subsequently amended by Town Meeting in 1966, 1970, 1978 and 1985, and that were in place well before the Gooseberry Island Trust acquired the Property in 2011 and well before Plaintiff became Trustee of the Gooseberry Island Trust on July 5, 2013. The Zoning Bylaws do not allow Plaintiff to construct a single-family dwelling on the Property as of right. Based on the factual allegations contained in the Complaint and the attached exhibits, Plaintiff has not established a regulatory takings claim because he had no property interest in being able to construct a single-family residence on the unbuildable lot, because he had no reasonable investment backed expectation that he would be allowed to construct a single-family residence on a lot that was not buildable, and because he is still able to use the Property as it has been used historically.

1. <u>Plaintiff Does Not have a Recognized Property Interest Protected by the Fifth Amendment.</u>

"To make a cognizable claim of a taking in violation of the Fifth Amendment, Plaintiff must first show that he possesses a recognized property interest which may be protected by the Fifth Amendment." <u>In re Financial Oversight and Management Board for Puerto Rico</u>, 54 F.4th 42, 58, n. 18 (1ST Cir. 2022) (quoting, <u>Asociación De Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio</u> v. <u>Flores Galarza</u>, 484 F.3d 1, 27 (1st Cir. 2007)). According to the Supreme Court, a party's argument that they "may establish a 'taking' simply by showing that they have been denied the ability to exploit a property interest that they heretofore had believed to be available for development is quite simply untenable." <u>Penn. Central Transportation Co.</u> v. <u>City of New York</u>, 438 U.S. 104, 130 (1978). In other words, "protection under the Takings Clause does not extend to mere 'unilateral expectations', even if they are entirely plausible expectations of economic benefit." <u>National Educ. Association-Rhode Island ex rel. Scigulinsky</u> v. <u>Retirement

Bd. of Rhode Island Employees' Retirement System, 172 F.3d 22, 29 (1st Cir. 1999) (quoting, Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 160 (1980)). When the use of land is dependent upon the issuance of a permit or approval, the applicant cannot establish a property interest in that use unless and until they have a vested interest in the approval. Roslindale Motor Sales, Inc. v. Police Com'r of Boston, 405 Mass. 79, 82 (1989). There can be no vested right in a license or permit that has not yet issued unless the applicant can show that they have a legitimate claim of entitlement to it. Id.

Here, as he admits, Plaintiff did not have a vested interest in being able to construct a single-family dwelling on the Property and did not have a vested interest in the variances he requested, which issuance he knew were at the discretion of the ZBA. Plaintiff knew that he could not construct a single-family dwelling on the Property as of right and while he might have hoped that the ZBA in its discretion would issue the variances requested, his unilateral expectation, is not sufficient for him to establish a property interest in the variances. "[P]rotection under the Takings Clause does not extend to mere 'unilateral expectations' even if they are entirely plausible expectations of economic benefit." National Educ. Association-Rhode Island ex re. Scigulinsky v. Retirement Bd. of Rhode Island Employees' Retirement System, 172 F.3d 22, 29 (1st Circ. 1999) quoting, Webb's Fabulous Pharmacies, Inc. v, Beckwith, 449 U.S. 155, 160 (1980). Given the facts as alleged in the Complaint, Plaintiff's unilateral expectation that the ZBA would approve his requests to be allowed to construct a single-family dwelling on the Property was not realistic. This point is highlighted in the Superior Court's decision that upheld the ZBA's discretionary decisions when the Superior Court (Perrino, J.) found that "[a]t each hearing the Board appropriately considered the issue of access to the proposed residential home as the three variances sought deal directly with sections of the bylaws requiring frontage and that a home be on a road,

i.e., access issues," and finding that there was "uncontradicted evidence that fire department personnel would be unable to timely access the property." "Here the [ZBA] determined in both instances that granting the relief would be a detriment to the public good and would derogate from the purpose of the by-law, specifically, section 174-32 dealing with public safety access," holding that the "Plaintiff did not sustain its burden of proof that the [ZBA's] decision was legally untenable and that he was **entitled** to a variance." Complaint, ¶ 173, Exhibit 17, pp. 4 and 5 (emphasis added). Because Plaintiff was not entitled to the variances requested Plaintiff did not have a property interest in being allowed to develop the Property as a single-family dwelling as required for him to establish to establish a claim of regulatory taking under the Fifth Amendment of the United States Constitution and his claim contained in Count I of the Complaint must be dismissed.[2]

2. Plaintiff Did Not Have a Reasonable Investment-Backed Expectation

Even assuming *arguendo*, that Plaintiff can establish a cognizable property interest in being able to construct a single-family dwelling on the Property including the construction of a single lane bridge to access the Property from the mainland, Plaintiff's takings claim still must be

---

[2] In addition to the variances Plaintiff needs to be allowed to construct a single-family dwelling on the Property, Plaintiff needs other regulatory approvals, including approvals from the Board of Health and the Conservation Commission. Plaintiff has not obtained those approvals either. In fact, on March 14, 2014 Plaintiff filed a Notice of Intent application with the Town of Mashpee Conservation Commission ("Commission") to construct a "modern" bridge and driveway which application was denied by the Commission and by a June 30, 2015 superseding order of conditions issued by the Commonwealth of Massachusetts Department of Environmental Protection. Complaint, ¶¶ 108 111, 114. Plaintiff appealed the Commission's denial to the Office of Appeals and Dispute Resolution ("OADR") and in the alternative proposed a single lane steel bridge to connect the Property to the mainland instead of the timber bridge. OADR found that the proposed steel bridge was substantially different from the prior design and held that the Commission's experts effectively demonstrated that the steel bridge alternative was substantially different and that its construction would increase impacts to the salt marsh and shellfish resources. That decision was adopted by the DEP and a final decision was issued. Complaint, ¶¶ 123, 124, Exhibit 11. Plaintiff appealed the DEP's decision to Barnstable Superior Court, which decision was affirmed on July 29, 2019. Plaintiff appealed the Superior Court's decision, which was again affirmed by the Appeals Court. Complaint, ¶¶ 126, 131-133. Accordingly, even assuming *arguendo* that the ZBA approved Plaintiff's variance applications, Plaintiff still had no entitlement to build the proposed single-family dwelling with a bridge connecting the Property to the mainland. In short, Plaintiff never had a cognizable property interest to construct a single-family dwelling accessed by a single lane bridge on a non-buildable lot.

dismissed because he cannot meet the so-called Penn-Central factors for establishing a regulatory takings claim if for no other reason than that Plaintiff did not have a reasonable investment-backed expectation that he would be granted the variances requested and would be allowed to construct a single-family residence with access to the mainland by a single lane bridge. Specifically, where, as here, the Plaintiff is not alleging that the Defendant has effected a physical taking of his property the Court must assess the following three criteria: (1) the extent to which the regulation interferes with the claimant's reasonable investment-backed expectations; (2) the regulation's economic impact on the property owner; and (3) the character of the government action. Maine Educ. Ass'n Benefits Trust v. Cioppa, 695 F.3d 145, 153 (1st Cir. 2012) citing, Penn-Central Transportation Co. v. City of New York, 438 U.S. 104, 124 (1978).

As to the first prong, to have a reasonable investment-backed expectation, the plaintiff must show more than an abstract need or unilateral expectation, and he cannot rest on a mere possibility of seeing his plans come to fruition. Id. Here, Plaintiff had no reasonable expectation of being able to construct a single-family dwelling on the Property when first the Trust then he as Trustee, acquired title to the Property in 2011 and 2013 respectively. Such investment backed expectation was not reasonable given the permits that Plaintiff needs to acquire to be allowed to construct a single family dwelling on the Property with a single lane bridge connecting the Property to the mainland. While Plaintiff may have hoped that he would be granted such variances, given the lengthy factual allegations in his Complaint, especially his assertion that the Town had "for over 70 years . . . desired to acquire the property" and "had made a policy decision to not allow the development of the [Property]" such expectation was not reasonable (Complaint, p. 3-6, ¶¶ 11-32).[3]

---

[3] In his Complaint, Plaintiff references other properties, including Popponesset Island, presumably to support his allegation that his expectations that he would be granted variances to be allowed to build the single-family dwelling

9

As to the second prong of the Penn Central analysis, the economic impact of the challenged regulations on the Plaintiffs is minimal, where it retains the ability to use the Property for any number of other uses and to sell it for substantial value. Franklin Memorial Hosp. v. Harvey, 575 F.3d 121, 129 (1st Cir. 2009) (no taking occurs when governmental regulation adjusts the benefits and burdens of economic life but leaves the core rights of property ownership intact). While Plaintiff does not allege which specific regulation he is challenging, any such regulation does not has not had a significant effect on his ability to use the Property because according to Plaintiff he retains the right to use the Property as it has historically been used at least since 1955 when Niles Sture Nelson ("Sture") purchased the Property, as a camp for hunting and fishing. Complaint, ¶¶ 66-75; Exhibit 9, p. 1.

Finally, the third prong of the Penn Central analysis, the character of the government's action favors the Defendants, because as the Superior Court found, " . . . the granting of the relief would be a detriment to the public good and would derogate from the purpose of the by-law, specifically section 174-32 dealing with public safety access." Complaint, ¶ 173, Exhibit 17, pp. 4 and 5. Accordingly, Plaintiff's federal Takings claims contained in Count I of the Complaint, should be dismissed as a matter of law.

  C. <u>Plaintiff Has Failed to State a Claim for Inverse Condemnation Under the Massachusetts Constitution.</u>

In Count II of his Complaint, Plaintiff brings a claim inverse condemnation, otherwise known as a regulatory takings claim under the Massachusetts Constitution and State Law, alleging that the Defendant's actions amounted to a regulatory taking under Article 10 of the

---

on his Property. Putting aside that Plaintiff has not brought and cannot establish an equal protection claim given the differences between his Property and Popponesset Island and the date the bridge to Popponesset Island was built, he admits that the issuance of variances needed to construct the single family dwellings both on Popponesset Island and on his property are discretionary and any expectation he had on the discretionary issuance of the variances was not reasonable. Complaint, ¶¶ 82-89.

Massachusetts Constitution. Complaint, ¶¶ 201-212. As with Plaintiff's federal regulatory takings claim, Plaintiff's regulatory takings claim brought under state law too must be dismissed. "[Whether a regulatory scheme effects a taking calls for application of a balancing test, in which the 'relevant guideposts' include: the actual 'economic impact of the regulations' on the plaintiff; the extent to which the regulation 'has interfered with' a landowner's 'distinct investment-backed expectations'; and the 'character of the governmental action.'" Smyth v. Conservation Commission of Falmouth, 94 Mass. App. Ct. 790 (1019), quoting Gove v. Zoning Bd. of Appeals of Chatham, 444 Mass. 754, 764 (2005). The evaluation of the economic impact of the regulation on Plaintiff "begins with a comparison of the value of the property with and without regulation. Id. at 797 citing Giovanella v. Conservation Comm'n of Ashland, 447 Mass. 720, 734 (2006). "'However, even quite significant reduction in value do not necessarily constitute a regulatory taking. Id. (citations omitted). Here, Plaintiff's Complaint, despite its length omits any reference to the value of the Property at any time let alone the value of the Property when he or the Trust acquired. That omission was perhaps intentional because at the time Plaintiff or even the Trust acquired the Property, the bylaws of which Plaintiff complains were in existence. Regardless, as set forth above, there are other uses for the Property among other things, as a camp for hunting and fishing, the use of the Property at least since 1955 and at the time the Property was acquired by the Plaintiff.

In addition, the Complaint and the attached exhibits show a "distinct lack of any financial investment" by Plaintiff or the Trust. Id. at 798. In fact, that Complaint is devoid of any reference to any amount Plaintiff or the Trust paid to acquire the Property and prior to the Trust's acquisition of the Property when the complained of bylaws were already in effect, show a lack of any financial investment towards the development of the Property. The Property even as

11

unbuildable is worth more than its purchase price, which presumably was at best negligible given Plaintiff's omission of the purchase price from the Complaint and referenced Exhibits. "'[I]t seems clear that any compensation would constitute a windfall for [the Plaintiff.'" Id. quoting Gove, supra. Finally, as set forth above, the "character of the government action" is generally applicable and the granting of the relief would be a detriment to the public good and would derogate from the purpose of the by-law, specifically section 174-32 dealing with public safety access. As such, Defendant's application of the bylaws that existed at the time that Plaintiff acquired the Property when denying Plaintiff's variance applications does not amount to a regulatory taking under Article 10 of the Massachusetts Constitution. Accordingly, Count II of Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

Wherefore, Defendant respectfully requests that this honorable Court dismiss all of Plaintiff's claims and enter judgment in favor of the Defendant.

DEFENDANTS,<br>
TOWN OF MASHPEE AND ZONING<br>
BOARD OF APPEALS OF THE TOWN<br>
OF MASHPEE,<br>
By their attorneys,<br>
<br>
_/s/ Deborah J. Ecker_<br>
Amy E. Kwesell (BBO# 647182)<br>
Deborah I. Ecker (BBO# 554623)<br>
KP Law, P.C.<br>
101 Arch Street, 12th Floor<br>
Boston, MA 02110-1109<br>
(617) 556-0007<br>
akwesell@k-plaw.com<br>
decker@k-plaw.com

Date: February 18, 2025

961881/17200/0205

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that I have caused a copy of the foregoing document to be served electronically on all parties who are registered participants of the Court's ECF system, and that I will serve by mail those parties who are non-registered participants, upon notification by the Court of those individuals who will not be served electronically.

/s/ Deborah I. Ecker