UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATHEW HANEY, AS TRUSTEE OF THE GOOSEBERRY ISLAND TRUST, <br> Plaintiff <br><br> v. <br><br> TOWN OF MASHPEE, AND RON BONVIE, SHARON SANGELEER, WILLIAM BLAISDELL, JONATHAN FURBUSH, AND SCOTT GOLDSTEIN as they are collectively the ZONING BOARD OF APPEALS OF THE TOWN OF MASHPEE, <br> Defendants | DOCKET NO. 1:24-cv-12562-BEM |

## PLAINTIFF'S MOTION FOR ONE ADDITIONAL WEEK TO RESPOND TO DEFENDANTS' MOTION TO DISMISS

NOW COMES the Plaintiff, and moves this Honorable Court for one additional week, for newly appearing counsel with the Pacific Legal Foundation to review and update the Plaintiff's Opposition to the Defendants' Motion to Dismiss.

As reasons therefore, the Plaintiff states that he had originally requested an extension up to, and including April 4th, 2025 to respond to the Defendants' Motion. Counsel for the Defendants, Deborah Ecker, agreed to allow an extension through March 25th, 2025. The Plaintiff sought an extension from this Court through that date, to avoid the anxiety associated with an opposed extension request. This Court allowed that extension.

The reason Plaintiff's counsel had needed an extension was that he was facing a dispositive motion in a different case, and knew he would be preparing and opposing Motions in Limine in connection with a pending trial. And, in fact, opposition counsel in Plaintiff's counsel's upcoming trial filed several motions in limine, including an unexpected Daubert challenge.

During this period, Mr. Haney, the Plaintiff in this matter, introduced counsel to Jeremy Talcott, and Robert Thomas, of the Pacific Legal Foundation (herein the "PLF"), who are specialists in

regulatory taking litigation, like the case at bar. Originally, because of the attenuated timeline, counsel was of the understanding that PLF counsel would only be able to provide limited proofreading and editing support. For this reason, counsel, who had been "burning the midnight oil," to complete his Opposition Memorandum, sought, and received, an additional three day extension from the Defendants. However, after a consultation with the PLF's Board, the PLF was able to fully enter an appearance as co-counsel in this matter; this Court recently allowed Mr. Talcott's Motion to appear *pro hac vice*.[1]

The Plaintiff seeks one additional week to allow the PLF time to make substantive changes to the Plaintiff's Opposition Memorandum, which changes are likely to aid the court in understanding the law in this case. While the undersigned is familiar with the <u>facts</u> in this case, the PLF has an additional breadth of knowledge of the law of regulatory taking, which will surely be helpful in educating the Court around this complex area of the law.

The Defendant, through counsel, has made known that it opposes this Motion.

The Plaintiff seeks only a limited extension of one week, up through, and including, April 4th, 2025 which, coincidentally, is the exact amount of time to which the Plaintiff had originally asked the Defendants to assent.

WHEREFORE, the Plaintiff prays this Honorable Court EXTEND the time within which the Plaintiff may respond to the Defendants' Motion to Dismiss up to, and including April 4th, 2025.

Respectfully Submitted,
The Plaintiffs,
By their Attorney,                                                                                    March 27th, 2025
/s/ Jonas A. Jacobson
JONAS A. JACOBSON (BBO:676581)
Law Offices of Jonas Jacobson
2067 Massachusetts Ave., 5th Floor
Cambridge, MA 02140
617-230-2779
617-849-5547 (f)
jonas@jonasjacobson.com

---

[1] Mr. Thomas' *pro hac vice* Motion is filed collaterally herewith.

## **CERTIFICATE OF SERVICE**

I, Jonas Jacobson, state that the foregoing was served on all Parties of record, via counsel, through PACER/NEXT GEN, on the date listed above, and further state that there are no unrepresented Parties.

       /s/ Jonas A. Jacobson