UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW HANEY, AS TRUSTEE OF THE GOOSEBURY ISLAND TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RON BONVIE, SHARON SANGELEER, WILLIAM BLAISDELL, JONATHAN FURBUSH, SCOTT GOLDSTEIN, as they are Members of the TOWN OF MASHPEE, ZONING BOARD OF APPEALS,<br><br>Defendants. | 1:24-cv-12562-BEM<br><br>**JOINT FRCP 26(f) REPORT** |

Pursuant to this Court's order on April 17, 2025, DCKT #28 and email from the Clerk on May 9, 2025, counsel for Plaintiff Matthew Haney, as Trustee of the Gooseberry Island Trust ("Haney") and counsel for the Town of Mashpee and the individual Defendants (collectively, "the Town") met and conferred on May 16, 2025. Haney and the Town (the "Joint Parties") hereby submit this Joint Discovery Plan pursuant to this Court's scheduling order, Fed. R. Civ. P. 26(f) and Local Rule 116.5.

1. **STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE**

    **a. Plaintiff's Brief Statement of the Case**

Plaintiff Haney brings this regulatory takings claim against the Town alleging that the Town's regulations and actions have effectively deprived him of all economically beneficial use of his property on Gooseberry Island, or alternatively, have diminished approximately 98.9% of the property's value as a residential developable waterfront lot. The Complaint asserts that the Town's restrictions on Plaintiff's property "go too far" under the standards set forth in both

1

*Lucas v. S.C. Coastal Council* and *Penn Central Transp. Co. v. New York City*, constituting a *de facto* taking requiring just compensation under the Fifth Amendment to the U.S. Constitution.

### b. Defendants' Brief Statement of the Case

Defendants' position is that the Plaintiff cannot prove the necessary elements of a regulatory taking claim. Defendants also assert various affirmative defenses as set forth in their Answer.

**2.     PROPOSED TIMELINE FOR DISCOVERY**

The Joint Parties propose the following discovery timeline, calculated from the earlier of the following: the date of the Scheduling Conference or the date this Joint [Proposed] Discovery Plan is approved and entered by this Court.

| | |
|---|---|
| Initial Disclosures | 45 Days |
| Service of Requests for Production of Documents | 75 Days |
| Propoundment of Interrogatories | 75 Days |
| Responses to Requests for Production of Documents | 105 Days |
| Responses to Interrogatories | 105 Days |
| Requests for Admissions | 115 Days |
| Responses to Requests for Admissions | 145 Days |
| Depositions Noticed (on or before) | 160 Days |
| Depositions Complete | 190 Days |
| Motions for Summary Judgment | 210 Days |

The Joint Parties further propose the following dates for the trial phase, if any, to be calculated from the date this Court takes action on all submitted motions for summary judgment.

| Expert Disclosures (Trial) | 30 Days |
| Expert Interrogatories (Trial) | 60 Days |
| Expert Depositions notices (if necessary) | 75 Days |
| Expert Depositions Complete (if necessary) | 90 Days |
| Trial Date | TDB |

3. **SUBJECTS, TIMING, AND POTENTIAL PHASING OF DISCOVERY**

   **a. Plaintiff's Discovery Focus:**

Plaintiff's discovery will focus on the following areas:

1. The Town's history of actions regarding Gooseberry Island, including previous attempts to acquire the property and statements by Town officials regarding the island's conservation.

2. The Town's application of zoning regulations to Plaintiff's property and similar properties.

3. Documentation regarding the Town's expressed interest in preserving Gooseberry Island as conservation land/open space.

4. The Town's agreements with the Mashpee Wampanoag Tribe concerning Gooseberry Island.

5. The Town's treatment of similar properties, particularly those requiring variances for development.

6. Valuation of the property before and after the alleged regulatory taking.

### b. Defendants' Discovery Focus:

Defendants expect their discovery to be focused on the valuation of the relevant property; the details of Plaintiff's acquisition and ownership of the property; and the potential development of the property.

**4.    ELECTRONIC DISCOVERY**

Joint Parties anticipate that a substantial portion of discoverable information will be electronically stored, including emails, meeting minutes, permit applications, variance decisions, property records, and valuation assessments. Joint Parties agree to follow the Court's standard procedures regarding electronically stored information (ESI) and will confer regarding search terms and custodians.

**5.    PRIVILEGE ISSUES**

Joint Parties do not anticipate unusual privilege issues at this time. If issues arise concerning attorney-client privilege, deliberative process privilege, or work product protection, Joint Parties will meet and confer to resolve them. Joint Parties agree to adhere to Fed. R. Civ. P. 26(b)(5) procedures for claiming privilege.

**6.    PROPOSED CHANGES TO DISCOVERY LIMITATIONS**

Join Parties propose the following limitations on discovery:

- Depositions: Maximum of 10 per side, with each deposition limited to 7 hours, per Fed. R. Civ. P. 30.

- Interrogatories: Maximum of 25 per side, per Fed. R. Civ. P. 33.

- Requests for Production: Maximum of 25 per side.

- Requests for Admission: Maximum of 50 per side.

7. **EXPERT DISCOVERY**

Joint Parties anticipate that expert testimony will be necessary regarding:

1. Real estate valuation and the economic impact of the Town's regulations on the property.

2. Land use planning and regulatory standards.

3. Environmental impact assessment.

4. The approvals and efforts that would be necessary to develop the property.

Expert discovery will follow the timeline set forth above.

Joint Parties may jointly seek a protective order governing confidential documents, but do not anticipate the need for additional orders at this time.

9. **SETTLEMENT PROSPECTS**

Joint Parties have discussed the possibility of settlement but do not believe that alternative dispute resolution would be productive at this early stage. Joint Parties agree to revisit the possibility of settlement discussions after completion of initial disclosures and some discovery and/or after decision on a potential summary judgment motion.

10. **TRIAL**

This matter is expected to require a bench trial of approximately 5-10 days, which Joint Parties propose to schedule approximately 500 days from the Scheduling Conference.

11. **OTHER MATTERS**

The deadline for joining additional parties or amending pleadings shall be 90 days from the date of the Scheduling Conference. Further, Joint Parties have conferred and jointly agree that conducting the bulk of expert discovery after a potential summary judgment motion would be most efficient, but that some limited expert disclosure may be preferable and/or necessary in

advance of Summary Judgment, which may allow this Court to alter later expert discovery timelines. The Joint Parties do not anticipate that this will require additional orders.

Dated: May 21, 2025.

Respectfully submitted,

/s/ Jeremy Talcott

JONAS A. JACOBSON (BBO:676581)
Law Offices of Jonas Jacobson
2067 Massachusetts Ave., 5th Floor
Cambridge, MA 02140
(617) 230-2779
(617) 849-5547 (f)
jonas@jonasjacobson.com

JEREMY TALCOTT* (*Pro Hac Vice*)
Cal. Bar No. 311490
ROBERT H. THOMAS* (*Pro Hac Vice*)
Cal. Bar No. 160367
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
(916) 419-7111
JTalcott@pacificlegal.org
RThomas@pacificlegal.org

*Attorneys for Plaintiff*

/s/ Justin M. Perrotta

Amy E. Kwesell (BBO# 647182)
Deborah I. Ecker (BBO# 554623)
Justin M. Perrotta (BBO# 641828)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
akwesell@k-plaw.com
decker@k-plaw.com
jperrotta@k-plaw.com

*Attorneys for Defendants Town of Mashpee and Zoning Board of Appeals of the Town of Mashpee*

7

## CERTIFICATE OF SERVICE

I, Jeremy Talcott, hereby certify that the foregoing document was served on the date referenced above on all represented Parties through PACER/NEXTGEN, and that there are no unrepresented participants.

/s/ Jeremy Talcott
JEREMY TALCOTT
