UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MATTHEW HANEY, AS TRUSTEE OF | ) | |
| THE GOOSEBURY ISLAND TRUST | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-12562-BEM |
| | ) | |
| RON BONVIE, SHARON SANGELEER, | ) | |
| WILLIAM BLAISDELL, JONATHAN | ) | |
| FURBUSH, SCOTT GOLDSTEIN, as | ) | |
| they are Members of the TOWN OF | ) | |
| MASHPEE, ZONING BOARD OF | ) | |
| APPEALS | ) | |
| Defendants | ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### INTRODUCTION

Plaintiff, Matthew Haney, Trustee of the Gooseberry Island Trust, moves pursuant to Fed. R. Civ. P.

37(a)(3)(B) for an order compelling the Town of Mashpee and its Zoning Board of Appeals to produce

documents responsive to the Plaintiff's First Request for Production of Documents. The Town has

objected to or refused to produce responsive documents to multiple requests that are central to the

Plaintiff's regulatory taking claim and relevant to the three-part test set forth in *Penn Central*

*Transportation Co. v. New York City*, 438 U.S. 104 (1978).

### MEMORANDUM OF LAW

This action concerns the Town of Mashpee's long-running effort to block development of Gooseberry

Island, depriving the Plaintiff of all economically viable use of the property. The Complaint alleges that

the Town's Zoning Board of Appeals and Conservation Commission denied all requested variances and

bridge permits in order to prevent development and to preserve the property for eventual public or

tribal acquisition (Compl. ¶¶ 1–12, 11–32, 33–63, 90–98, 143–155, 184–195). The discovery sought

1

here is directly relevant to the application of the Penn Central factors: (1) the economic impact of the Town's actions; (2) the extent to which the regulations interfered with investment-backed expectations; and (3) the character of the governmental action.

Under *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001), evidence of a municipality's motives, coordination, and history of actions toward a property owner is relevant to the "character" and "expectations" factors. *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), reaffirmed that takings claims are ripe in federal court once a final regulatory decision has been made. The Town's internal and external communications, its meeting records, and its coordination with the Mashpee Wampanoag Tribe and state agencies all bear directly on whether its conduct constituted a regulatory taking motivated by politics rather than neutral land-use regulation.

STANDARD OF REVIEW

Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Blanket assertions of privilege or conclusory objections are insufficient. Rule 37(a)(3)(B) authorizes a motion to compel when a party fails to produce documents requested under Rule 34. The burden rests on the objecting party to show why discovery should be denied.

"Rule 26(b)(1) does not give any party `the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case,' because `[l]itgation in general and discovery in particular . . . are not one sided," *Liguria Foods, Inc. v. Griffith Labs., In*c., 320 F.R.D. 168, 183 (N.D. Iowa 2017) (quoting *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014)). See also *A.O.A. v. Renner*t, No. 4:11CV44 CDP, 2017 WL 5478409, at *4 (E.D. Mo. Nov. 15, 2017) (whether a party's information is sufficient to prove its theory of the case is not a determination to be made on a motion to compel); *Carboline Co. v. A-1 Indus. Maint., Inc.*, No. 4:19 CV 1721 CDP, 2020 WL 3605295, at *3 (E.D. Mo. July 2, 2020) ("during the discovery process, [the Court is] guided

by Rule 26(b)(1) and not by whether any party will prevail on their claims or defenses in this action."). The scope of discovery is determined by the claims pled." See: *Loy v. BMW of North America, LLC,* Case No. 4:19-CV-00184 JAR.  Dist. Court, ED Missouri 2021.

CONFERENCE REQUIREMENT

The Plaintiff served a letter on counsel for the Defendants, pursuant to Rule 37.1, laying out his issues with the lack of production, and the failure to answer interrogatories, a true copy of which is attached hereto as Exhibit A. During the conference, which was held on October 29th, 2025 at 1:45, counsel indicated that the Defendant had no intention of supplementing its production, and would not be doing so.

ARGUMENT

**Request No. 1**

All documents and communications relating to the denial of Plaintiff's variance applications, including staff reports, emails, meeting minutes, notes and draft decisions.

**Response No. 1**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26. Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

**Reason to Compel**: The Plaintiff has not received any responsive documents. These materials are fundamental to the taking claim and directly bear on the "character of the governmental action" and "economic impact" factors. The Complaint alleges that the ZBA's denials were pretextual and politically motivated (Compl. ¶¶ 90–98, 143–155, 184–195). The requested documents include

3

contemporaneous notes and emails showing whether the denials were based on genuine safety concerns or a coordinated strategy to render the property unbuildable.

**Request No. 2**

All documents and communications between the Town (or its officials, employees, or agents) and the Mashpee Wampanoag Tribe concerning Gooseberry Island, the IGA, or any shellfish aquaculture rights.

**Response No. 2**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel:** The Complaint alleges extensive coordination between the Town and the Mashpee Wampanoag Tribe, in furtherance of the purposes of the Intergovernmental Agreement, including the Town's commitment to oppose development on Gooseberry Island (Compl. ¶¶ 33–63, 110–115). Communications between the Town and the Tribe are essential to establish whether the Town's actions served a legitimate public purpose or a political accommodation. These materials directly inform the "character of the governmental action" under *Penn Central* and are nonprivileged intergovernmental communications.

**Request No. 3**

All Town Meeting records, agendas, minutes, votes, and resolutions referring to Gooseberry Island from 1950 to the present.

**Response No. 3**

The Defendants object to this Request because the supplied time frame renders the request overbroad, unduly burdensome, and intended to harass. The Defendants otherwise object because it is overbroad,

unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel**: The Complaint identifies a decades-long pattern of the Town attempting to acquire or restrict use of Gooseberry Island (Compl. ¶¶ 11–32, 149–155). These Town Meeting records will demonstrate the Town's persistent policy to prevent private development and preserve the island for conservation. Such evidence goes to the "character" and "economic impact" factors of *Penn Central* and is not privileged.

**Request No. 4**

All communications between the ZBA and the Conservation Commission regarding the Property, its zoning status, or any bridge permit.

**Response No. 4**

The Defendants object to this Request because the inclusion of "the Town of Mashpee" in the supplied definition of "ZBA" renders the Request impossible to comply with. The Defendants otherwise object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel**: Communications between Town boards are not privileged and are central to determining whether the denials were coordinated or predecided (Compl. ¶¶ 43–63, 145–153). These materials will show whether the Conservation Commission and ZBA acted jointly to obstruct Plaintiff's use of the property, supporting the claim that the Town acted as a single regulator to deprive the Plaintiff of any viable use of his land.

**Request No. 5**

All communications between the Town and any state or federal agency regarding the permitting or denial of a bridge to Gooseberry Island.

**Response No. 5**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel**: The Complaint alleges that the Town intentionally used state environmental processes to frustrate bridge permitting (Compl. ¶¶ 70–88, 145–153). The Town's communications with DEP and other agencies will demonstrate whether the denials were the product of coordinated obstruction rather than neutral regulation. These documents are directly relevant to the "character" factor under *Penn Central*.

**Request No. 6**

All maps, plans, appraisals, studies, or surveys of Gooseberry Island prepared or commissioned by the Town.

**Response No. 6**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26. Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

**Reason to Compel**: The Plaintiff has received no such materials. The Complaint alleges that the Town undertook studies and planning activities aimed at conservation acquisition of Gooseberry Island

6

(Compl. ¶¶ 11–32). These maps and studies are relevant to showing that the Town viewed the property as a conservation target and shaped its regulatory actions to achieve that goal, satisfying the "character" element of Penn Central.

**Request No. 7**

All internal emails, text messages, or notes by Town officials discussing strategies, negotiations, or policies regarding the acquisition or conservation of Gooseberry Island.

**Response No. 7**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel**: Internal communications about acquisition or conservation strategies are key to determining intent. The Complaint alleges that the Town acted to make Gooseberry Island unbuildable to facilitate eventual public acquisition (Compl. ¶¶ 11–32, 184–195). Such documents go to the "character of the governmental action" and to whether the Town deliberately engineered a regulatory taking.

**Request No. 8**

All correspondence between Town Counsel and any third party regarding the IGA or its implementation as it relates to the Property.

**Response No. 8**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel:** Correspondence between Town Counsel and third parties is not privileged. The Complaint alleges that the Town's coordination with the Tribe under the IGA directly influenced the ZBA's variance decisions (Compl. ¶¶ 33–63, 110–115). These materials are necessary to determine whether Town Counsel acted to implement a preexisting agreement that foreclosed Plaintiff's property rights, bearing on the "character" of the action under *Penn Central*.

**Request No. 10**

All documents showing variance decisions by the ZBA for other waterfront or island properties lacking road frontage.

**Response No. 10**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel:** The Complaint alleges that the ZBA treated the Plaintiff differently from similarly situated landowners who obtained variances for other island parcels (Compl. ¶¶ 100–107, 143–155). Comparable decisions are relevant to proving unequal treatment and arbitrary application of zoning powers, which directly relate to the "character" and "economic impact" factors under *Penn Central*.

**Request No. 11**

All documents showing the Town's policies, ordinances, or guidance relating to variances, especially as applied to landlocked or island parcels.

**Response No. 11**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the

scope of Rule 26. Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

**Reason to Compel:** The Plaintiff has not received responsive policies or guidance. These materials are essential to evaluate whether the Town's stated rationale for denying variances is consistent with its own policies (Compl. ¶¶ 90–98, 100–107). This goes directly to the "investment-backed expectations" and "character" factors under *Penn Central*.

**Request No. 12**

All documents relating to the Town's communications with DEP about Plaintiff's proposed bridge, including any review, comments, or denials.

**Response No. 12**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel:** The Complaint alleges that the Town interfered with DEP's review to prevent Plaintiff from obtaining necessary bridge permits (Compl. ¶¶ 70–88, 145–153). Communications concerning DEP's bridge review are not privileged and will show whether the Town influenced state regulators to block access to Gooseberry Island, relevant to the "character" and "economic impact" factors of *Penn Central*.

**Request No. 13**

All settlement proposals exchanged between the Town and Plaintiff (or predecessors) relating to Gooseberry Island.

**Response No. 13**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to

harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26. Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

**Reason to Compel:** The Complaint alleges that the Town has repeatedly rebuffed or ignored settlement discussions while continuing to prevent development (Compl. ¶¶ 90–98, 149–153). These communications are relevant to show that the Town's actions were not regulatory good faith but intended to exhaust the Plaintiff and achieve de facto public ownership.

**Request No. 14**

All financial records, budgets, or expenditures related to the Town's legal fees, consultants, or studies about Gooseberry Island.

**Response No. 14**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel:** The Town's financial records will show how much public money has been devoted to resisting development and litigation over Gooseberry Island (Compl. ¶¶ 143–155). The disproportionate legal expenditures compared to the property's value bear on the Town's motive and thus the "character" of the governmental action under *Penn Central*.

**Request No. 15**

Any public statements, press releases, or public comments made by the Town or its officials regarding Gooseberry Island.

**Response No. 15**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel:** Public statements are plainly not privileged. They are relevant to the Town's public justification for its actions and may demonstrate pretext or political motivation (Compl. ¶¶ 33–63, 143–155). This information bears directly on the "character" factor of Penn Central.

**Request No. 16**

Any notes, or other documents from any executive sessions of the ZBA.

**Response No. 16**

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

**Reason to Compel:** The Complaint alleges that the ZBA's December 12, 2018 executive session was held without the declaration required by G.L. c. 30A § 21(a)(3) (Compl. ¶¶ 149–153). Because the session was not properly convened, its records are not privileged. These documents are essential to understanding whether the variance denial was decided in secret, going to the "character of the governmental action" under Penn Central. The Massachusetts Open Meeting Law, G.L. c. 30A § 21(a)(3), further requires disclosure of executive-session minutes where the required public declaration was not made. As alleged in the Complaint (¶¶ 149–153), the ZBA's December 12, 2018 executive session was improperly noticed, and thus its minutes and notes are not privileged.

WHEREFORE, Plaintiff respectfully requests that this Court order Defendants to produce all documents responsive to the above Requests within fourteen days, provide a detailed privilege log for

11

any withheld materials, and award Plaintiff his reasonable expenses and attorney's fees incurred in

bringing this motion pursuant to Fed. R. Civ. P. 37(a)(5).

Respectfully Submitted,

November 18th, 2025

/s/ Jonas A. Jacobson
JONAS A. JACOBSON (BBO:676581)
Law Offices of Jonas Jacobson
2067 Massachusetts Ave., 5th Floor
Cambridge, MA 02140
617-230-2779
617-849-5547 (f)
jonas@jonasjacobson.com

CERTIFICATE OF SERVICE

I, Jonas Jacobson, hereby certify that the foregoing document was served on the date referenced above on all represented Parties through PACER/NEXTGEN, and that there are no unrepresented participants,

/s/ Jonas A. Jacobson

**Jonas Jacobson**
**Law Offices *of* Jonas Jacobson**

October 22nd, 2025

By: EMAIL

Deborah Ecker, Esq.
Justin Perotta, Esq.
KP Law PC
101 Arch Street
Boston, MA 02110

Request to Confer: Haney v. Bonvie et als.

Dear Attorneys Ecker and Perotta,

As you are aware, local Rule 37.1 requires us to confer as to discovery disputes. I am writing because your responses to our discovery requests are inadequate. Below, please find a particularized list of discovery responses where you either provided no answer, or an inadequate answer.

I would like to have a telephonic meet and confer session within the next seven days. I am available Thursday and Friday (except for a window between 1 and 3 on Thursday) until 4:30, Monday in the morning until 12, Tuesday in the morning until 11, and Wednesday at your pleasure. Please pick a time and contact me.

*Interrogatory responses*:

(1). I do not think asking about persons with the Town who have knowledge of the Plaintiff's allegations is "harassing." This is a standard interrogatory.

(3). Communications between the Town and the Tribe go directly to our theory of the case: that the Town has taken the island so as to avoid a conflict with the Tribe. We are entitled to know this information.

(4). Knowing the Town's propensity for granting variances will help us establish whether, as we suspect, the Plaintiff's variance was denied in bad faith. Please provide this information.

(5). We know there was some effort to acquire Gooseberry by eminent domain. This information is directly relevant to the central claim in the case. Please provide this information.

**872 Mass. Ave . Cambridge . MA 02139 . jonas@jonasjacobson.com . 617-230-2779**

**Jonas Jacobson**
**Law Offices *of* Jonas Jacobson**

(8). Information as to Gooseberry's status, and when the island was discussed as a possible conservation site goes directly to character of the Town's actions, a Penn Station factor.

(9). The Town's communications with the DEP are directly relevant to the denial of the variances, and with what we perceive to be a broad based effort to take Gooseberry island without paying for it, by tying the Plaintiff up in endless administrative hearings.

(10). You refused to say anything, based on the fifty year timeframe in the interrogatory. It does not appear any good faith effort was made to answer this interrogatory.

(11). Changes in the Town's zoning go directly to the Plaintiff's investment based expectations.

(12). The intergovernmental agreement goes directly to the character of the Town's action, since we contend that the Town refused to grant the variances to appease the Tribe.

(13). There is no known privilege protecting communications by and between Town Boards.

(14). The Town's right to cede rights off of an island it does not own to the Wampanoag Tribe goes directly to the character of the Town's actions in taking the island by refusing to grant the reasonable variances requested by the Plaintiff.

(16). The Town's activity in the executive session where it denied the Plaintiff's variances was an *ultra vires* off the record session, where the fate of the Plaintiff's project was, ostensibly, decided. This goes directly to the character of the Town's actions, and so must be provided.

*Document production requests:*

(1). You indicated you would produce documents, but have not produced anything.

**872 Mass. Ave . Cambridge . MA 02139 . jonas@jonasjacobson.com . 617-230-2779**

**Jonas Jacobson**
**Law Offices *of* Jonas Jacobson**

(2). This request goes directly to the character of the Town's actions in this case (one of the Penn Station factors) and there is nothing privileged about the Town's communications with the Tribe.

(3). This is a case about Gooseberry Island; it is reasonable to obtain the Town's records about Gooseberry Island.

(4). The refusal to answer this based on the definition seems like inappropriate gamesmanship. For clarity, we are seeking communications between the ZBA and the Conservation Commission. There is nothing confidential or privileged about those communications.

(5). Communications between the Town and State and Federal agencies related to Gooseberry Island speak directly to the character of the Town's actions, and are not confidential or privileged. In fact, they are public record.

(6). Notwithstanding the inappropriate objection here, nothing has been produced.

(7). There is nothing burdensome about requesting information about the subject of this lawsuit, and Town employee communications are not privileged or confidential.

(8). This Request goes directly to the Plaintiff's theory behind the Character of the Town's Actions. There is no privilege associated with discussions between the Tribe and the Town.

(10). This Request goes directly to the character of the Town's action, and therefore is relevant and should be produced.

(11). Nothing has been produced, although the Town agreed to produce responsive documents.

(12). There is nothing confidential or proprietary about communications between the Town and the DEP; those communications go directly to the character of the Town's actions.

**Jonas Jacobson**
**Law Offices *of* Jonas Jacobson**

(13). The Town indicated it would produce documents, but has not done so.

(14). This Request goes to the character of the Town's Actions. The amount the Town has spent on legal, as compared to the value of the island, is a legitimate indicator of the character of the Town's action.

(15). It is hard to understand how press releases could be confidential or proprietary. Those public documents should be produced.

(16). The Plaintiff will narrow this request to ZBA Executive session minutes discussing, or referencing Gooseberry Island, specifically, those minutes or notes from around the time of the Plaintiff's variance applications.


Thank you.

Very truly yours,

/s/ Jonas A. Jacobson

Jonas A. Jacobson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:24-cv-12562-BEM

MATHEW HANEY, AS TRUSTEE OF THE
GOOSEBERRY ISLAND TRUST,

     Plaintiff

v.

TOWN OF MASHPEE, AND RON BONVIE,
SHARON SANGELEER, WILLIAM
BLAISDELL, JONATHAN FURBUSH, AND
SCOTT GOLDSTEIN as they are collectively
the ZONING BOARD OF APPEALS OF THE
TOWN OF MASHPEE,

     Defendants

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants hereby respond to the Plaintiff's First Request for Production of Documents.

REQUEST NO. 1

All documents and communications relating to the denial of Plaintiff's variance applications, including staff reports, emails, meeting minutes, notes and draft decisions.

RESPONSE NO. 1

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26. Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

REQUEST NO. 2

All documents and communications between the Town (or its officials, employees, or agents) and the Mashpee Wampanoag Tribe concerning Gooseberry Island, the IGA, or any shellfish aquaculture rights.

RESPONSE NO. 2

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 3

All Town Meeting records, agendas, minutes, votes, and resolutions referring to Gooseberry Island from 1950 to the present.

RESPONSE NO. 3

The Defendants object to this Request because the supplied time frame renders the request overbroad, unduly burdensome, and intended to harass.  The Defendants otherwise object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 4

All communications between the ZBA and the Conservation Commission regarding the Property, its zoning status, or any bridge permit.

2

RESPONSE NO. 4

The Defendants object to this Request because the inclusion of "the Town of Mashpee" in the supplied definition of "ZBA" renders the Request impossible to comply with. The Defendants otherwise object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 5

All communications between the Town and any state or federal agency regarding the permitting or denial of a bridge to Gooseberry Island.

RESPONSE NO. 5

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 6

All maps, plans, appraisals, studies, or surveys of Gooseberry Island prepared or commissioned by the Town.

RESPONSE NO. 6

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.  Subject to and without waiving these objections, the

3

Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

REQUEST NO. 7

All internal emails, text messages, or notes by Town officials discussing strategies, negotiations, or policies regarding the acquisition or conversation of Gooseberry Island.

RESPONSE NO. 7

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 8

All correspondence between Town Counsel and any third party regarding the IGA or its implementation as it relates to the Property.

RESPONSE NO. 8

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 9

All records of any Conservation Commission application, order of conditions, or appeals related to Gooseberry Island.

4

RESPONSE NO. 9

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 10

All documents showing variance decisions by the ZBA for other waterfront or island properties lacking road frontage.

RESPONSE NO. 10

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 11

All documents showing the Town's policies, ordinances, or guidance relating to variances, especially as applied to landlocked or island parcels.

RESPONSE NO. 11

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.  Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

5

REQUEST NO. 12

All documents relating to the Town's communications with DEP about Plaintiff's proposed bridge, including any review, comments, or denials.

RESPONSE NO. 12

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 13

All settlement proposals exchanged between the Town and Plaintiff (or predecessors) relating to Gooseberry Island.

RESPONSE NO. 13

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.  Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

REQUEST NO. 14

All financial records, budgets, or expenditures related to the Town's legal fees, consultants, or studies about Gooseberry Island.

RESPONSE NO. 14

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 15

Any public statements, press releases, or public comments made by the Town or its officials regarding Gooseberry Island.

RESPONSE NO. 15

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 16

Any notes, or other documents from any executive sessions of the ZBA.

RESPONSE NO. 16

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.

REQUEST NO. 17

Any documents you intend to introduce at a trial of this matter.

RESPONSE NO. 17

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.  Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

REQUEST NO. 18

Any documents which you believe support any claims or defenses that you have in this matter.

RESPONSE NO. 18

The Defendants object to this Request because it is overbroad, unduly burdensome, and intended to harass; seeks information not relevant and not calculated to lead to information relevant to any issue in this litigation or admissible evidence; seeks confidential and proprietary information; and is beyond the scope of Rule 26.  Subject to and without waiving these objections, the Defendants will produce all non-privileged, responsive documents in the Defendants' possession, custody, or control.

DEFENDANTS,
TOWN OF MASHPEE AND ZONING
BOARD OF APPEALS OF THE TOWN
OF MASHPEE,
By their attorneys,

Amy E. Kwesell (BBO# 647182)
Deborah I. Ecker (BBO# 554623)
Justin M. Perrotta (BBO# 641828)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
akwesell@k-plaw.com
decker@k-plaw.com
jperrotta@k-plaw.com

Date: September 25, 2025
995797/MASH/0205

## CERTIFICATE OF SERVICE

I, Justin M. Perrotta, hereby certify that I have caused a copy of the foregoing document to be served electronically on Counsel of Record for the Plaintiff.

Dated: September 25, 2025                     Justin M. Perrotta, Esq.

9