UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:24-cv-12562-BEM

| | |
|---|---|
| MATHEW HANEY, AS TRUSTEE OF THE GOOSEBERRY ISLAND TRUST,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF MASHPEE, AND RON BONVIE, SHARON SANGELEER, WILLIAM BLAISDELL, JONATHAN FURBUSH, AND SCOTT GOLDSTEIN as they are collectively the ZONING BOARD OF APPEALS OF THE TOWN OF MASHPEE,<br><br>    Defendants | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(B)(1), 12(C), AND 12(H)(3) |

## I.    INTRODUCTION

Defendants Town of Mashpee (the "Town") and Ron Bonvie, Sharon Sangeleer, William

Blaisdell, Jonathan Furbush, and Scott Goldstein, as they are collectively the Zoning Board of

Appeals of the Town of Mashpee ("ZBA") (collectively the "Defendant"), hereby move to

dismiss Plaintiff Mathew Haney, as Trustee of the Gooseberry Island Trust's ("Plaintiff"),

Complaint for lack of subject matter jurisdiction and assertion of claims that are not ripe for

adjudication pursuant to Fed. R. Civ. P. 12(b)(1), 12(c), and 12(h)(3).

## II.    FACTS AS PLED IN THE COMPLAINT

Gooseberry Island is a vacant 3.9-acre island located in Popponesset Bay in the Town of

Mashpee (the "Property").  Complaint, ¶ 1 and Exhibit 9.  On July 5, 2013, Matthew Haney

became the Trustee of the Gooseberry Island Trust.  Complaint, ¶ 73, Exhibit 6.  On March 14,

2014, Plaintiff filed a Notice of Intent ("NOI") with the Mashpee Conservation Commission

proposing to construct a timber bridge and driveway to provide vehicular access to the Property.

Complaint, ¶¶ 108, 111.  On or about February 11, 2015, the Conservation Commission issued

an Order of Conditions ("OOC") denying the timber bridge proposal.  Complaint, ¶ 111.  On or

about February 12, 2015, Plaintiff filed a request for superseding review of the Conservation

Commission's denial with the Massachusetts Department of Environmental Protection ("DEP").

Complaint, ¶ 113.  On or about June 30, 2015, DEP issued a superseding OOC denying the

proposed timber bridge.  Complaint, ¶ 114.  Plaintiff then appealed DEP's superseding OOC to

the Office of Appeals and Dispute Resolution ("OADR"), but while this appeal was pending,

Plaintiff conferred with DEP about revising the proposal to replace the wooden timber bridge

with a steel bridge, which DEP advised would remedy its two reasons for denial.  Complaint, ¶¶

116-118.  OADR held an evidentiary hearing on December 7, 2015, and on June 6, 2017, issued

a Recommended Final Decision affirming DEP's denial of Plaintiff's timber bridge proposal and

denying review of Plaintiff's alternative steel bridge proposal because the steel bridge was, under

DEP's Plan Change Policy, "substantially different" from the timber bridge proposal and

required review by the Conservation Commission in the first instance.  Complaint, ¶¶ 122-123.

OADR's Recommended Final Decision was adopted by DEP on June 22, 2017.  Complaint, ¶

124.

On November 9, 2018, Plaintiff filed three applications for variances from the ZBA to

construct a single-family dwelling on the Property, seeking variances from the following

provisions of the Zoning Bylaw:  (i) § 174-12 – frontage on a street; (ii) § 174-32 – frontage for

fire department access, and (iii) § 174-31 – 150 feet of frontage.  The issuance of variances is

discretionary, and no person is entitled to a variance.  Complaint, ¶¶ 143, 145.  On December 20,

2018, the ZBA filed three written decisions with the Town Clerk denying Plaintiff's variance

applications.  Complaint, ¶ 155.  Plaintiff appealed the 2018 ZBA decisions to Massachusetts

Superior Court, Matthew Haney, Trustee of the Gooseberry Island Trust v. Mashpee Zoning

Board of Appeals, et al., Barnstable Superior Court C.A. No. 1972CV00012.  Complaint, ¶ 156.

While that appeal was pending, on April 29, 2021, Plaintiff filed a regulatory takings

claim in the United States District Court for the District of Massachusetts (the "District Court"),

Haney v. Town of Mashpee, et al., D.Mass. C.A. No. 1:21-cv-10718-JGD.  Complaint, ¶ 162.

On March 22, 2022, the Massachusetts District Court (Dein, J.) issued a memorandum of

decision and order dismissing Plaintiff's complaint, concluding that Plaintiff's regulatory taking

claim was not ripe for review because Plaintiff had not yet sought permission from the DEP or

Mashpee Conservation Commission to build a steel bridge, and therefore had not yet sought

variances form the ZBA based on the construction or proposed construction of a steel bridge.

Plaintiff appealed this decision, and on June 6, 2023 the United States Court of Appeals for the

First Circuit ("First Circuit") affirmed the Massachusetts District Court's dismissal of Plaintiff's

claims on the grounds that Plaintiff's claim was not ripe for judicial review.  Complaint, ¶ 167.

The First Circuit's decision stated that the ZBA has never represented that it would deny any and

all variance applications, specifically if Plaintiff presented applications to the ZBA accompanied

by an approved steel-bridge plan, and that therefore the Court could not conclude that the ZBA

had committed to a position with respect to the variances, rendering the issue unripe for judicial

review.  The First Circuit added that Plaintiff still has the option to pursue approval of the steel-

bridge proposal and then present the ZBA with variance applications based on that, and that this

would be required to cure the ripeness issue.  Complaint, ¶ 167.

III.    **ARGUMENT**

    A.    Standard of Review

Courts evaluate motions to dismiss for ripeness under Fed. R. Civ. P. 12(b)(1).

Downing/Salt Pond Partners, L.P. v. Rhode Island & Providence Plantations, 643 F.3d 16, 17 (1st

Cir. 2011).  In assessing the ripeness of a claim, the Court "must accept the well-pled factual

allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff."

Id.  The Court may also consider other materials in the district court record, including where

those materials contradict the allegations in the complaint.  Id.  Ripeness is a jurisdictional

defense born from the constitutional requirement that federal jurisdiction extends only to actual

cases or controversies," and may be raised at any time.  Ernst & Young v. Depositors Economic

Protection Corp., 45 F.3d 530, 535 (1st Cir. 1995); see also U.S. Const. art. III, § 2; Arbaugh v.

Y&H Corp., 546 U.S. 500, 506 (2006) (objections regarding subject matter jurisdiction may be

raised at any state of litigation).  If it is determined that a claim is not ripe for adjudication, "a

court has no alternative but to dismiss [the] unripe action."  See Fed. R. Civ. P. 12(h)(3) ("If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action").

    B.    Plaintiff's Claims are Unripe for Review by the Court

Both counts of Plaintiff's Complaint, alleging an unconstitutional taking under the Fifth

Amendment and inverse condemnation under the Massachusetts Constitution and State law are

barred by the doctrine of *res judicata*, at least until Plaintiff seeks the required approvals to build

a steel bridge.  The First Circuit "has articulated a three-part test to determine whether res

judicata precludes litigation of a party's claims.  For a claim to be precluded, the following

elements must be present: 1) a final judgment on the merits in an earlier suit; 2) sufficient

identicality between the causes of action asserted in the earlier and later suits; and 3) sufficient

identicality between the parties in the two suits." Apparel Art Int'l, Inc. v. Amertex Enterprises Ltd., 48 F.3d 576, 583 (1st Cir. 1995), and cases cited.

Here, this Court already issued a final decision on Plaintiff's regulatory taking claims in Plaintiff's prior case brought in 2022, which was affirmed on appeal by the First Circuit. See Haney as Trustee of Goosebery Island Trust v. Mashpee, 70 F.4th 12 (1st Cir. 2023); Haney as Trustee of Gooseberry Island Trust v. Mashpee, F.Supp.3d 32 (D. Mass. 2022).  Plaintiff's prior federal court case raised identical claims against the same Defendant, the Town, alleging an "unconstitutional regulatory taking of private property under the Fifth Amendment … [and] inverse condemnation" by virtue of the ZBA's denials of Plaintiff's variance applications.  Id. The First Circuit's Decision affirming the District Court's dismissal of Plaintiff's prior federal case explicitly stated that "Haney must first obtain the government's conclusive and definitive position on the application of the Town's zoning bylaws to Gooseberry Island before proceeding in federal court," and stated that to do so Plaintiff must pursue the approval of the steel bridge proposal with the Conservation Commission and DEP and then present the ZBA with variance applications.  Id.  Because Plaintiff's claims are identical to those on which a final judgment was rendered in the prior federal court action, and the facts underlying the Court's decision in that case have not changed (*i.e.*, no approvals for a steel bridge have been sought or obtained), the doctrine of *res judicata* precludes the Court from relitigating the claims raised in the Complaint, and the claims are unripe unless and until Plaintiff pursues a steel bridge.[1]

---

[1] In fact, it is possible that if Plaintiff were to receive approval to construct the steel bridge that no variances from the ZBA would be necessary to construct a dwelling on the Property.  Section 174-3(A) of the Town's Zoning Bylaw defines a "Street" as "[a] public way laid out by the Town under MGL C. 82, §21, or other authority or laid out by the state or county, which is open to travel by the general public and is on record at the Registry of Deeds, or a public or *private way duly approved by the Planning Board under the Subdivision Control Statute, or a way on record at the Registry of Deeds which is approved by the Planning Board as a principal means of adequate access to abutting property*."  (emphasis added).  A steel bridge might resolve the fire department access issue (Section 174-32 of the Zoning Bylaw), and then Plaintiff could seek approval from

In addition to being barred by the doctrine of *res judicata*, Plaintiff's claims must be dismissed as unripe for adjudication, under the same reasoning that the First Circuit dismissed Plaintiff's earlier federal court case.  The underlying facts of Plaintiff's Complaint have not substantially changed as to render his claims ripe for adjudication.  "The Takings Clause of the Fifth Amendment, which applies to the states through the Fourteenth Amendment, prohibits the taking of private property for public use without just compensation."  Franklin Memorial Hospital v. Harvey, 575 F.3d 121, 125 (1st Cir. 2009).  "A regulatory taking transpires when some significant restriction is placed upon an owner's use of his property for which justice and fairness require that compensation be given."  Phillip Morris, Inc. v. Reilly, 312 F.3d 24, 33 (1st Cir. 2002).  "Haney bears the burden of proving that the regulatory takings claim is ripe before a federal court has jurisdiction over the claim."  Haney as Trustee of Goosebery Island Trust v. Mashpee, 70 F.4th 12 (1st Cir. 2023), citing Downing/Salt Pond Partners, L.P., 643 F.3d at 20. "When a plaintiff alleges a regulatory taking in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a 'final' decision."  Pakdel v. City & County of San Francisco, California, 594 U.S. 474, 475 (2021), citing Suitum v. Tahoe Regional Planning Agency, 520 U.S. 725, 737 (1997).

As explained above, that has not occurred here, and therefore Plaintiff's claims are unripe.

---

the Planning Board for a private way extending from the bridge to solve the frontage issues (Sections 174-12 and 174-31).

## IV.    CONCLUSION

Wherefore, the Defendant respectfully requests that this honorable Court dismiss all of

Plaintiff's claims and enter judgment in favor of the Defendant.

Respectfully submitted,

DEFENDANTS,
TOWN OF MASHPEE and the ZONING BOARD
OF APPEALS OF THE TOWN OF MASHPEE,

By their attorneys,

Amy E. Kwesell (BBO# 647182)
Deborah I. Ecker (BBO# 554623)
Justin M. Perrotta (BBO# 641828)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
akwesell@k-plaw.com
decker@k-plaw.com
jperrotta@k-plaw.com

Date:  November 24, 2025

1005636/MASH/0205

<u>CERTIFICATE OF SERVICE</u>

I, Justin M. Perrotta, hereby certify that I have caused a copy of the foregoing document to be served electronically on all parties who are registered participants of the Court's ECF system, and that I will serve by mail those parties who are non-registered participants, upon notification by the Court of those individuals who will not be served electronically.

Justin M. Perrotta, Esq.