**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW HANEY, AS TRUSTEE OF THE GOOSEBERRY ISLAND TRUST,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF MASHPEE, RON BONVIE, SHARON SANGELEER, WILLIAM BLAISDELL, JONATHAN FURBUSH, SCOTT GOLDSTEIN, as they are members and are collectively THE ZONING BOARD OF APPEALS OF THE TOWN OF MASHPEE,<br><br>Defendants. | Civil No.<br>**1:24-cv-12562-BEM**<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PRETRIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(3)(B)** |

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), paragraph 3 of the Court's Order Setting Case for Trial (ECF No. 68), and the Court's Electronic Orders of September 30, 2026 (ECF No. 73), October 21, 2026 (ECF No. 78), Plaintiff Matthew Haney, as Trustee of the Gooseberry Island Trust ("Plaintiff"), objects as follows to the exhibits identified in Defendants' Rule 26 Pretrial Disclosures dated October 12, 2026 (ECF No. 75) ("Defendants' Disclosures").

Plaintiff objects to Exhibits D-1 through D-4 because each is an out-of-court written statement that Defendants would offer for the truth of the matters it asserts, and no exception or exclusion from the rule against hearsay applies. Plaintiff objects to Exhibits D-7 through D-9 as inadmissible hearsay unless Defendants offer them for a permissible purpose other than the truth of the matters asserted, and only to the extent of that purpose.

**I. Objections to Exhibits D-1 Through D-4**

Exhibits: D-1, Appraisal of Defendants' expert, Mark S. Reenstierna, dated August 13, 2025. D-2, Appraisal of Plaintiff's expert, Heather J. Ross, dated August 10, 2026. D-3, Disclosure

of Plaintiff's expert Ross dated August 17, 2026. D-4, Disclosure of Plaintiff's expert Gregory Morse, P.E., dated August 17, 2026.

Objection: Hearsay. Fed. R. Evid. 801(c), 802, 805.

Grounds:

1. Each of these exhibits is an out-of-court written statement of an expert's opinions and of the facts and data on which those opinions rest. Offered to prove the opinions and facts they state, each is hearsay. Fed. R. Evid. 801(c). The First Circuit has held that an expert report "proffered as support for" the expert's conclusion is offered "for the truth of the matter" and is therefore "a quintessential example of hearsay." *United States ex rel. Jones v. Mass. Gen. Hosp.*, 780 F.3d 479, 494 (1st Cir. 2015).
2. That the authors will testify does not make their reports admissible. Defendants have disclosed Mr. Reenstierna as their trial witness, and Plaintiff has disclosed Ms. Ross and Mr. Morse. Their opinions will come before the jury through live testimony, under oath and subject to cross-examination. Their reports should not. As the First Circuit explained, "simply because an expert does testify at trial does not render such a report automatically admissible in its entirety as an exhibit," and a contrary rule "would, in many cases, provide an all-too-convenient backdoor for otherwise inadmissible evidence." *Jones*, 780 F.3d at 494 n.8.
3. D-1 (Defendants' appraisal). No exclusion from the hearsay rule can apply. Rule 801(d)(2) reaches only a statement "offered against an opposing party," and Defendants would be offering their own expert's report. D-1 also contains hearsay within hearsay. It states that its data derive in part from "conversations with brokers or principals for sales," and that "participants in sales revealed information, which is described in the

'Comment' section for each sale." Each such statement is a further layer of hearsay that must independently satisfy an exception. Fed. R. Evid. 805. An expert may rely on such information, but if it is otherwise inadmissible, "the proponent of the opinion may disclose [it] to the jury only if [its] probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703.

4. D-2 through D-4 (Plaintiff's experts). Defendants may contend that the reports and disclosures of Plaintiff's experts are opposing-party statements under Rule 801(d)(2)(C) or (D). They are not. Those provisions require that the statement be made by "a person whom the party authorized to make a statement on the subject" or by "the party's agent or employee on a matter within the scope of that relationship." Fed. R. Evid. 801(d)(2)(C), (D). Whether that relationship exists is "governed not by the trustworthiness of the statement, but by the existence and scope of the principal-agent relationship as determined under the common law of agency." *Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 138–39 (D. Mass. 1990) (statements of outside medical experts at a meeting the defendant financed were hearsay, not admissions, where it did "not appear that [the defendant] controlled the manner or means of discussion and analysis employed by the participants"). A retained expert does not satisfy that test: "Since an expert witness is not subject to the control of the party opponent with respect to consultation and testimony he or she is hired to give, the expert witness cannot be deemed an agent." *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995). Ms. Ross and Mr. Morse are retained experts engaged to give their own professional opinions. They are not Plaintiff's agents or employees, and they are not persons authorized to make statements on Plaintiff's behalf.

5. Nor are D-2 through D-4 adoptive admissions under Rule 801(d)(2)(B). Designating an expert, serving the expert's report, and listing the expert as a trial witness is not "enough . . . to show that [the party] adopted any specific statement contained in the expert reports." *Pernix Ir. Pain DAC v. Alvogen Malta Operations Ltd.*, 316 F. Supp. 3d 816, 825 (D. Del. 2018) (Bryson, J., sitting by designation).

6. D-3 and D-4 are also Rule 26(a)(2) disclosures: discovery papers served to give notice of expected testimony. Nothing in Rule 26 makes such a disclosure admissible as substantive evidence of the matters it discloses, and Defendants identify no exception that would.

7. Scope of objection. Plaintiff objects to the admission of D-1 through D-4 into evidence, whether as exhibits or by reading their contents to the jury. This objection does not address the use of a testifying expert's own prior statement to examine that expert under Fed. R. Evid. 613. Plaintiff reserves all objections to any such use at trial.

**II. Conditional Objections to Exhibits D-7 Through D-9**

Exhibits: D-7, Complaint filed in *Haney v. Town of Mashpee*, No. 1:21-cv-10718-JGD (D. Mass.), dated April 29, 2021. D-8, Plaintiff's Interrogatory Responses dated September 25, 2025. D-9, Email from Plaintiff to Rodney C. Collins, Wayne E. Taylor, and John Furbush dated June 24, 2019.

Objection: Hearsay, Fed. R. Evid. 801(c), 802, 805, unless offered for a permissible purpose other than the truth of the matter asserted, and then only for that purpose.

Grounds:

1. Defendants' Disclosures do not state why Defendants would offer D-7 through D-9, or which statements in them Defendants would rely on. Plaintiff therefore objects to the

admission of each exhibit to prove the truth of any matter asserted in it unless Defendants identify (a) the specific statements on which they rely and (b) for each statement, either a purpose other than proving the truth of the matter asserted or an applicable exclusion or exception. Fed. R. Evid. 801(c), 802.

2. If the Court admits any portion of these exhibits for a limited purpose, Plaintiff requests that the Court restrict the evidence to that purpose and instruct the jury accordingly. Fed. R. Evid. 105.

3. Embedded statements. To the extent any of these exhibits quote, attach, summarize, or respond to statements by persons other than Plaintiff, including Town officials, members of the Zoning Board of Appeals, state agencies, consultants, or other third parties, each such statement is a separate layer of hearsay that must independently satisfy an exception. Fed. R. Evid. 805. Defendants may not use these exhibits to put the statements of their own officials or agents before the jury for their truth, because Rule 801(d)(2) applies only to a statement "offered against an opposing party."

4. D-7. D-7 is a pleading filed in a separate action that the First Circuit held was not ripe. *Haney v. Town of Mashpee*, 70 F.4th 12 (1st Cir. 2023). Plaintiff objects to the use of the allegations, characterizations of documents, and legal contentions in D-7 to prove any fact in issue in this action, and to the admission of any exhibit attached to D-7 for its truth. Fed. R. Evid. 802, 805; *see also* Fed. R. Evid. 402, 403.

5. D-8. "An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 33(c). Plaintiff objects to the admission of the objections and legal contentions stated in D-8 as evidence of any fact, and to the use of D-8 for any purpose the Federal Rules of Evidence do not allow. If Defendants offer

any part of D-8, Plaintiff will ask that the complete answer to each interrogatory used, and any supplemental answer, be admitted at the same time, as parts "that in fairness ought to be considered at the same time." Fed. R. Evid. 106.

6. D-9. Plaintiff objects to the admission of any statement in D-9 by a person other than Plaintiff for its truth. Fed. R. Evid. 805. If D-9 is part of a longer exchange, Plaintiff will ask under Fed. R. Evid. 106 that the complete exchange, including any response from the Town's officials, be admitted at the same time.

**III. Reservation of Rights**

Objections under Federal Rules of Evidence 402 and 403 are preserved whether or not listed. Fed. R. Civ. P. 26(a)(3)(B); ECF No. 68 ¶ 3. Plaintiff reserves those objections as to every exhibit in Defendants' Disclosures, including Exhibits D-5 and D-6.

Plaintiff further reserves: (a) all rights under the Court's rulings on the parties' motions in limine (ECF Nos. 67, 71), including the Court's ruling that "Defendants may not present any evidence of residual value not related to economically beneficial use" (ECF No. 71); (b) objections to any exhibit or witness Defendants add by supplement or amendment; (c) objections to the use of any exhibit for a purpose Defendants have not disclosed; and (d) the right to supplement these objections if Defendants identify the purposes for which they would offer Exhibits D-7 through D-9.

Plaintiff will confer with Defendants about these objections at the parties' pretrial meeting, as ECF No. 68 ¶ 3 directs, and will present any unresolved objection to the Court in its trial brief.

DATED: October 30, 2026.

Respectfully submitted,

*/s/ Jeremy Talcott*
JEREMY TALCOTT (Cal. 311490)*
jtalcott@pacificlegal.org
ROBERT H. THOMAS (Haw. 4610-0)*
rthomas@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
916-419-7111

JOHANNA TALCOTT (Cal. 311491)*
jotalcott@pacificlegal.org
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, Florida 33410
561-691-5000
**Pro Hac Vice*

*/s/ Jonas A. Jacobson*
JONAS A. JACOBSON (BBO:676581)
jonas@jonasjacobson.com
Law Offices of Jonas Jacobson
2067 Massachusetts Ave., 5th Floor
Cambridge, Massachusetts 02140
617-230-2779

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

Jeremy Talcott certifies that the foregoing document was served on the date referenced above on all represented parties through PACER/NEXTGEN, and that there are no unrepresented participants.

*/s/ Jeremy Talcott*
JEREMY TALCOTT
*Counsel for Plaintiff*